UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MERRIWEATHER, JR., | } |
| Petitioner, | } |
| v. | } Case No.: 2:21-cv-08015-RDP |
| | } 2:07-cr-00243-RDP-JEO-1 |
| UNITED STATES OF AMERICA, | } |
| Respondent. | } |

## MEMORANDUM OPINION

On May 18, 2021, William Merriweather, Jr. filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1). On May 24, 2021, the United States Government responded to Merriweather's § 2255 Motion by seeking to have his Motion dismissed in its entirety as untimely. (Doc. # 4). On June 4, 2021, the court notified Merriweather that the Government sought to have his § 2255 Motion dismissed as untimely, and informed him of his right to file affidavits or other materials in opposition to the Government's motion and of the possible consequences of not responding. (Doc. # 5). On June 16, 2021, Merriweather filed additional materials consisting of a listing of his Inmate Quarters History and certain medical records in support of his Motion. (Doc. # 6).

**I.     Background**

Merriweather was indicted on June 27, 2007. (Doc. # 1, Case no. 2:07-cr-00243-RDP-JEO ("Crim. Case")). Merriweather was charged with three capital-eligible offenses: engaging in Armed Bank Robbery by Force or Violence Resulting in Death, as well as Armed Robbery with Forced Accompaniment in violation of 18 U.S.C. §§ 2113(a), (d) and (e); the Use or Carrying of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); and the Use or Carrying and Discharge of a Firearm in Relation to a Crime of Violence Resulting in Death in

violation of 18 U.S.C. §§ 924(c) and (j). (Crim. Case Docs. # 1, 405 at 1-2). The Government alleged that Merriweather robbed the Bessemer, Alabama branch of Wachovia Bank and during the commission of that offense, shot four employees, killing two of them and wounding the other two. (Crim. Case Doc. # 1 at 1-4). While attempting to flee, Merriweather attempted to take hostage another bank employee but Merriweather was shot by police officers, immediately apprehended, and given emergency medical care. (Crim. Case Doc. # 4 at 2). He has remained in custody since that time.

On August 9, 2017, after protracted litigation and after being restored to competency, Merriweather entered guilty pleas to four counts: Armed Bank Robbery Resulting in Death, Using/Carrying a Firearm During a Crime of Violence, and Using/Carrying a Firearm During a Crime of Violence Resulting in Death, in violation of 18 U.S.C. §§ 2113(a), (d), and (e), 18 U.S.C. § 924(c), and 18 U.S.C. §§ 924(c) and (j), respectively. (Crim. Case Doc. # 896) Merriweather entered into a written plea agreement, the terms of which included a limited waiver of right to appeal and/or to seek collateral relief under 28 U.S.C. § 2255. (Crim. Case Doc. # 886). Merriweather waived his right to challenge his conviction and/or sentence in any post-conviction proceeding, except to assert a claim of ineffective assistance of counsel. (*Id*. at 11-12).

Merriweather was sentenced that same day to the custody of the Bureau of Prisons for a term of Life plus 60 months. The judgment was entered August 10, 2017. (Crim. Case Doc. # 896). Merriweather did not appeal his conviction or sentence. He filed the current § 2255 Motion almost four years later, on May 18, 2021. (Doc. # 1).

**II.     Standard of Review**

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the

Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

**III.   Discussion**

The Government seeks to have Merriweather's § 2255 Motion dismissed in its entirety as untimely. After careful review, the court concludes that the Government's argument has merit and its Motion is due to be granted.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "Congress prescribed a one-year statute of limitations on § 2255 motions." *Davenport v. United States*, 217 F.3d 1341, 1343-44 (11th Cir. 2000). The statute of limitations begins to run from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[1]

---

[1] Other events which could trigger the one-year statute of limitations are: (1) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, *if* the movant was prevented from making a motion by such governmental action; (2) the date on which the right asserted was recognized by the Supreme Court, *if* the right is newly recognized and made retroactively applicable on collateral review; and (3) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2)-(4). Merriweather's Motion does not implicate any of these alternative triggering events.

In cases where a defendant does not file an appeal, the judgment of conviction becomes final when the time for filing an appeal expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under the Federal Rules of Appellate Procedure, Merriweather had 14 days from the judgment of conviction (August 10, 2017) to file an appeal. *See* Fed.R.App.P. 4(b)(1)(A). Thus, Merriweather's judgment of conviction became final on August 24, 2017, and he had until August 24, 2018, to file his § 2255 Motion. His pending Motion was almost three years late.

There are narrow exceptions to the one-year filing period for § 2255 motions. To be sure "[t]he § 2255(f) deadline 'is a garden-variety statute of limitations, and not a jurisdictional bar.' A court therefore may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence." *Mims v. United States*, 758 Fed. Appx. 890, 892 (11th Cir. 2019) (internal citations omitted). To be entitled to equitable tolling, "a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Moore v. Frazier*, 605 F. App'x 863, 866 (11th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "In proving an 'extraordinary circumstance,' a petitioner must 'show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.'" *Moore*, 605 F. App'x. at 866 (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)). "The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine." *Moore*, 605 F. App'x at 866 (citing *San Martin*, 633 F.3d at 1268).

Merriweather argues that he was (1) unaware of § 2255 motions and (2) precluded from filing one due to his mental illness. (Docs. # 1, 6). The Government argues that Merriweather is not entitled to equitable tolling to overcome the tardiness of his motion because he has not made a sufficient showing under either *Holland* prong. (Doc. # 4 at 3-4).

4

Merriweather's argument that his mental illness caused the delay is precluded by the matters contained within his § 2255 Motion. Specifically, the period at issue with regard to his tardy § 2255 Motion is between August 10, 2017 and May 18, 2021. (Docs. # 1, 4). However, in his § 2255 Motion, Merriweather states that he "was not medicated until 2015" and that he "[became] rational again after medication was issued." (Doc. # 1 at 12). Therefore, according to Merriweather's own allegations, he was rational during the entire relevant period. Moreover, the medical records list Merriweather's diagnoses of "Other Specified Schizophrenia Spectrum and Other Psychotic Disorder" as "in remission" (at least from January 18, 2018 through August 27, 2018). (Doc. # 6 at 5). Notably, he should have filed his § 2255 Motion before August 24, 2018.

Nor does Merriweather's argument that he was unaware of the § 2255 statute provide a basis for equitable tolling. *See Roberts v. United States*, 2016 WL 7856615, at *1 (S.D. Ga. Oct. 19, 2016), report and recommendation adopted, 2017 WL 812770 (S.D. Ga. Feb. 24, 2017) ("movant's late discovery of the [statute] does not provide grounds for this [c]ourt to equitably toll the statutory deadline for filing [his] § 2255 motion.") (citing *Murphy v. U.S.*, 634 F.3d 1303, 1306 (11th Cir. 2011)). "Confusion or ignorance about the law does not excuse a petitioner's failure to file a timely § 2255 motion. As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.'" *Salcedo v. United States*, 2018 WL 9561793, at *2 (M.D. Fla. Nov. 14, 2018) (quoting *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007)).

Because neither of the grounds argued by Merriweather for equitable tolling are sufficient, his Motion is time barred.

## IV.     Conclusion

For the foregoing reasons, the Government's Motion to Dismiss Merriweather's Motion Pursuant to 28 U.S.C. § 2255 (Doc. # 4) is due to be granted, and Merriweather's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is due to be denied.

A separate order consistent with this Memorandum Opinion will be entered.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion upon Petitioner and the United States Attorney.

**DONE** and **ORDERED** this November 17, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE